**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VALERIE BAUZON and LOUISE WENDY LAGDAMEO<br><br>     Plaintiffs,<br><br>v.<br><br>VAN CHIAVACCI, FRANK MANTZ COACH CO., PAUL C. ROBB and TRANS AM TRUCKING,<br><br>     Defendants. | Civil Action No. 09-4487 (KSH)<br><br><u>OPINION</u> |

**KATHARINE S. HAYDEN, U.S.D.J.**

This matter comes before the Court by way of defendants' motion to dismiss plaintiff Louise Wendy Lagdameo's claims pursuant to Fed. R. Civ. P. 41(b) and L. Civ. R. 201.1(f)(3). [D.E. 34.]  Defendants contend that Lagdameo has failed to prosecute this action and failed to comply with the Federal Rules and orders of the Court.

**I. Facts and Procedural History**

This case arises out of an accident between a tractor-trailer and a bus on which Lagdameo and Valerie Bauzon, the other plaintiff, were passengers.  The accident occurred on March 8, 2007, on Interstate 80 East in Roxbury, New Jersey.  (Compl. at 1–2.)  On February 2, 2009, Lagdameo and Bauzon filed a complaint in the Superior Court of New Jersey, Law Division-Morris County, against four defendants: (1) Paul Robb; (2) Trans Am Trucking; (3) Van Chiavacci; and (4) Frank Martz Coach Co.  (Moving Br. at 1; Compl.)  Lagdameo and Bauzon allege that they suffered severe bodily injuries as a result of the drivers' negligence.  (Compl. at

1

2–3.)  The parties stipulated to a dismissal of the claims against Frank Martz and Van Chiavacci, and the remaining defendants subsequently removed the case to this Court.  (Moving Br. at 1.)

During discovery, Lagdameo failed to timely answer discovery requests, failed to appear for a deposition, and did not adequately communicate with her own attorney.  (*Id*. at 1–2; Notice of Dep., attached to Moving Br. as Ex. A; Di Valerio Aff., attached to Moving Br. as Ex. C, ¶¶ 4–5.)  During a December 9, 2009, telephone conference with the Court, defense counsel informed the Court that Lagdameo was uncooperative, and the Court instructed her attorney to send her a letter—and copy the Court—detailing the issues and informing her of the consequences of failing to participate in discovery and to prosecute the action.  (Di Valerio Aff. ¶ 6.)  Two days later, defense counsel sent Lagdameo notice that her deposition would take place on December 21, 2009, but she failed to appear.  (Notice of Dep.; Di Valerio Aff. ¶¶ 4–5.)  She did, however, appear for a settlement conference on January 12, 2010, where she agreed to answer discovery and appear for her deposition to avoid dismissal.  (Di Valerio Aff. ¶ 7; Moving Br. 2.)  On January 29, 2010, defense counsel sent Lagdameo notice that her deposition would take place on February 8, 2010, and this time, Lagdameo appeared.  (Second Notice of Dep., attached to Moving Br. as Ex. B.)  She also sent her answers to interrogatories on February 8, 2010.  (Lagdameo Interrogs., attached to Moving Br. as Ex. B.)

On July 22, 2010, the Court ordered the matter to proceed to arbitration, which occurred on September 1, 2010.  (Di Valerio Aff. ¶¶ 8–10.)  Lagdameo failed to appear, and defendants moved to dismiss her claims.  (*Id*. ¶ 13.)  On October 18, 2010, the arbitrator issued a decision in which he noted that only Bauzon appeared for arbitration and presented evidence.  Nonetheless, the arbitrator found in Lagdameo's favor and awarded her money damages.  (*Id*. ¶ 16.)  Defendants filed a timely request for trial de novo on November 8, 2010.  [D.E. 24.]  At the

pretrial conference before Magistrate Judge Patty Shwartz on December 21, 2010, plaintiffs' counsel stated that Lagdameo was not responding to his letters or phone calls, and that he did not know why she had failed to appear for arbitration.  (Di Valerio Aff. ¶¶ 17–18.)

Defendants subsequently filed the instant motion to dismiss Lagdameo's claims pursuant to Fed. R. Civ. P. 41(b) and L. Civ. R. 201.1(f)(3), contending that Lagdameo has failed to prosecute this action and has failed to comply with the Federal Rules and orders of the Court. Lagdameo filed opposition to the motion, including an affidavit explaining the reasons for her prior shortcomings.

## II. Whether Dismissal of Lagdameo's Claims Is Appropriate

### A. The Applicable Standard

Under Fed. R. Civ. P. 41(b),

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Because "the policy of the law is to favor the hearing of a litigant's claim on the merits," dismissal is reserved for extreme cases.  *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (quoting *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974)).  "Dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court." *Poulis v. State Farm Fire & Casualty Co.*, 747 F. 2d 863, 868 (3d Cir. 1984) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).  Nevertheless, a district court's decision whether to dismiss an action under Rule 41(b) is discretionary, *see Scarborough v. Eubanks*, 747 F. 2d 871, 875 (3d Cir. 1984), and dismissal is appropriate "if a party fails to prosecute the action.  Failure to prosecute does not require that the party take affirmative steps to

delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution." *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) (Pisano, J.) (citations omitted).

A court considering whether to grant a motion to dismiss pursuant to Rule 41(b) must weight six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F. 2d at 868. There is no "magic formula" or "mechanical calculation" a court should use when balancing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). No single factor is dispositive, but "not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F. 3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

**B. The Parties' Arguments**

Defendants argue that Lagdameo's failure to appear for arbitration violated a court order and constitutes a failure to prosecute. (Moving Br. at 5.) They claim they were prejudiced in that they could not cross-examine Lagdameo and they incurred unnecessary costs preparing for the arbitration. (*Id.*) In addition, they contend that Lagdameo has demonstrated a pattern of dilatory conduct, including causing repeated discovery delays and failing to stay in contact with her own attorney. (*Id.*) They assert that this conduct can only be deemed willful because there is no indication she is unable to proceed and she has failed to participate in the case despite receiving warnings from the Court. (*Id.*) Furthermore, defendants contend that sanctions other than dismissal would be ineffective, as they would not cure the prejudice to them and Lagdameo

has been uncooperative even in the face of the Court's warnings.  (*Id.* at 6.)  Finally, defendants

assert that, under L. Civ. R. 201.1(f)(3), dismissal is automatic.  (*Id.* at 7.)

        Lagdameo counters that her failure to participate is due to personal issues she has faced

since the spring of 2010.  Specifically, she states that she was informed in June 2010 that her

house was going into foreclosure; this, combined with her separation from her husband, caused

her to have to find a new home before her daughters started school in September.  (Lagdameo

Certif., attached to Opp'n Br., ¶ 7.)  She moved during the summer to Staten Island.  (*Id.*)

Lagdameo states that the transition was very difficult for her and as a result, she failed to inform

her attorney of her new address.  (*Id.* ¶ 8.)  She further asserts that she did not receive the letter

informing her of the arbitration date and, because her cell phone inbox was full, she did not

receive any of her attorney's text or voicemail messages or emails.  (*Id.* ¶ 9.)  She claims that she

has recently been communicating with her attorney via email and that she is now prepared to

cooperate.  (*Id.* ¶ 10.)  In addition, she argues that she has fully complied with her discovery

obligations, although she has been late in doing so.  (Opp'n Br. at 2.)  She also contends that she

was not required to be present at the arbitration and that, in any event, defendants suffered no

prejudice because the arbitration was non-binding, there is no right to confrontation at an

arbitration, and any costs defendants incurred were necessary because they had to defend against

Bauzon's claims.  (*Id.*)  She further argues that she had not failed to comply with the rules and

has not been reprimanded.  (*Id.* at 3.)  Finally, she asserts that 201.1(f)(3) is inapposite because

the Rule provides that the sanction for failure to participate in arbitration is to strike a demand

for a trial de novo, but it was defendants—and not Lagdameo—who filed the demand.  (*Id.*)

In their reply brief, defendants argue that the September 1 arbitration date did not conflict with Lagdameo's foreclosure[1] and that her affidavit shows that she simply ignored her attorney's attempts to contact her.  (Reply Br. at 2–3.)  They also contend that they spent time and money preparing to cross-examine Lagdameo and preparing exhibits to be used at the arbitration.  (*Id.* at 4.)  They assert that even if the notice of arbitration did not explicitly require Lagdameo's attendance, the arbitration guidelines in the Local Rules state that attendance is essential.  (*Id.* (citing L. Civ. R. App. M.IV).)

### C. Application of the *Poulis* Factors

#### 1. Extent of Party's Personal Responsibility

The parties do not dispute that Lagdameo is chiefly responsible for her failures to timely comply with discovery requests and appear at the arbitration.  She did not keep in sufficient contact with her attorney, who nevertheless did his utmost to protect her interests.  When she failed to appear for the arbitration, he advised the arbitrator and his adversary that he gave her ample notice of the arbitration and did not know why she was absent.  While this factor supports dismissal, it does not, by itself, require dismissal.  *See Briscoe*, 538 F. 3d at 263.  Rather, it must be considered in concert with the other factors.

#### 2. Prejudice to Adversary

"Evidence of prejudice to an adversary 'would bear substantial weight in support of a dismissal or default judgment.'"  *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust*, 29 F. 3d 863–64 (3d Cir. 1994) (quoting *Scarborough*, 747 F.2d at 876).  Prejudice includes "the irretrievable loss of evidence" and excessive costs borne by the opposing party, including the costs of seeking court orders to compel compliance with discovery requests.  *Id.*  However, it is

---

[1] They also provide a public notice stating that the foreclosure actually occurred in April 2010, not June. (Foreclosure Sale Notice, attached to Reply Br. as Ex. F.)

not limited to "irreparable" harm, and may also include "'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Briscoe*, 538 F. 3d at 259 (quoting *Ware v. Rodale Press, Inc.*, 322 F. 3d 218, 222 (3d Cir. 2003)).

Generally, "this type of prejudice involves disputes between parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance." *Id.*; *see also Poulis*, 747 F. 2d at 868 (finding that defendant was prejudiced where plaintiffs did not answer interrogatories, defendant had to file a motion to compel plaintiffs' answers, and defendant had to file pretrial statement without having reviewed plaintiffs' pretrial statement, which was due to be filed first); *Ware*, 322 F. 3d at 220–23 (affirming District Court's conclusion that defendant had been prejudiced where plaintiff repeatedly ignored defendant's discovery request for plaintiff's computation of damages and did not provide it until one week prior to trial, thereby "impeding [defendant]'s ability to prepare a full and complete defense").

Here, although Lagdameo's absence from the arbitration undoubtedly caused defendants to incur costs and fees while preparing exhibits and cross-examination, it did not cause significant prejudice. Defendants were not deprived of information needed to defend against Lagdameo claims, and her absence did not obstruct their ability to prepare an effective trial strategy. Moreover, the arbitration was not binding. In addition, they do not point to any discovery they currently lack; they merely make the general comment that Lagdameo "still has not supplemented her discovery answers with her current information," presumably referring to her home address. (*See* Reply Br. at 1, 4.) In fact, they were clearly able to prepare a strategy, but were unable to execute it at the arbitration. Therefore, defendants have not suffered the type of prejudice necessary to support a dismissal under Rule 41(b).

### 3. History of Dilatoriness

When assessing dilatoriness, the court must examine a party's conduct throughout the litigation. *Opta Sys.*, 483 F. Supp. 2d at 405 (citing *Adams*, 29 F. 3d at 875). "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F. 3d at 874). "Conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe*, 538 F.3d at 261; *cf. Poulis*, 747 F. 2d at 868 (finding "consistent delay" where plaintiffs never sought discovery, did not answer discovery requests, and did not file a pretrial statement by the court's established deadline).

Here, Lagdameo admits that she has been tardy in complying with discovery requests, and she missed the arbitration. However, the record shows that, apart from failing to appear for the arbitration, Lagdameo was late in participating in discovery on two occasions: she submitted her answers to interrogatories late, and she failed to appear for her deposition. However, after receiving a letter of warning from the Court, she attended a mandatory settlement conference and a deposition, and she provided her interrogatories to defendants. While Lagdameo's timeliness has been far from exemplary, she has not demonstrated such dilatoriness that the extreme sanction of dismissal is warranted.

### 4. Whether the Conduct Was Willful or in Bad Faith

A court must consider whether the litigant's conduct was "the type of willful or contumacious behavior" that can be characterized as flagrant bad faith. *Adams*, 29 F. 3d at 875. "Willfulness involves intentional or self-serving behavior." *Id*. Conduct that is merely negligent or inadvertent, is not "contumacious." *Briscoe*, 538 F. 3d at 262; *see also National Hockey League*, 427 U.S. at 643 (holding that dismissal was proper where plaintiffs failed to answer

crucial interrogatories for 17 months, despite numerous extensions, and broke promises made to the court); *Adams*, 29 F. 3d at 875 ("While there may have been an absence of a good faith effort to prosecute, this does not necessarily amount to willfulness or bad faith as this court has defined it. . . . [T]here is no indication it was strategic or self-serving. Rather, it is a prime example of inexcusable negligent behavior."); *Poulis*, 747 F. 2d at 868-69 (finding that although plaintiff's counsel had missed deadlines, there was no suggestion that his delays were caused by anything other than his wife's poor health); *Scarborough*, 747 F. 2d at 875 (holding that where an attorney filed all required papers, albeit in an untimely manner, his conduct was not willful or contumacious).

Here, there is nothing to indicate that Lagdameo's conduct was the product of anything other than negligence. She rectified her failure to answer interrogatories and submit to a deposition. With regard to the arbitration, although defendants quibble with the timing of Lagdameo's foreclosure, they do not challenge the fact that she nevertheless suffered significant personal turmoil. Lagdameo's failure to keep the lines of communication open, as demonstrated by the fact that her phone's inbox was constantly full and unusable, shows that she has not been as attentive as a litigant should be. Nevertheless, this conduct was at most negligent, and not intentional or self-serving.

### 5. Effectiveness of Alternative Sanctions

"Dismissal must be a sanction of last, not first, resort." *Poulis*, 747 F. 2d at 869. "[D]istrict courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits," and therefore, they must consider whether alternative sanctions are available. *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 (3d Cir. 1982). As the Third Circuit recognized in *Poulis*, the Federal Rules provide for a raft of sanctions short of dismissal

9

that are designed to both punish noncompliance and remedy any prejudice to the opposing party. *See* Fed. R. Civ. P. 16(f), 37(a)(4), 37(b), 37(d) and 37(g).

In this case, because defendants were not significantly prejudiced by Lagdameo's failure to appear at arbitration, to attend her deposition, and to answer interrogatories, and because dismissal is an extreme sanction, a lesser sanction would be appropriate. For example, in their submissions in support of this motion, defendants claim that they unnecessarily expended money because Lagdameo failed to cooperate in discovery. They could have moved for the lesser sanction of reimbursement of those funds rather than seeking dismissal.

### 6. Meritoriousness of Claims or Defenses

In determining whether a plaintiff's claim is meritorious, a court must use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263. Thus, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F. 2d at 869–70.

In this case, defendants assert that they have a meritorious defense in that "Lagdameo sustained no injuries in this accident" and the medical records "revealed pre-existing conditions only." (Moving Br. 6.) Plaintiff's complaint, however, states that she suffered physical injuries in an auto accident caused by defendants' negligence. (Compl.) Her allegations appear to be sufficient to state a claim, and the defense set forth is better suited to a jury determination. Therefore, the meritoriousness of the claims and defenses in this case does not favor dismissal.

### D. Whether L. Civ. R. 201.1(f)(3) Requires Automatic Dismissal

Defendants contend that by failing to appear at the arbitration, Lagdameo did not "meaningfully participate" in the arbitration, and therefore her claims must be dismissed automatically.  They rely upon L. Civ. R. 201.1(f)(3), which provides,

> The arbitration hearing may proceed in the absence of any party who, after notice, fails to be present.  In the event that a party fails to participate in the arbitration process in a meaningful manner, the arbitrator shall make that determination and shall support it with specific written findings filed with the Clerk.  Thereupon, the Judge to whom the action is assigned shall conduct a hearing upon notice to all counsel and personal notice to any party adversely affected by the arbitrator's determination and may thereupon impose any appropriate sanctions, including, but not limited to, the striking of any demand for a trial *de novo* filed by that party.

Lagdameo correctly contends that defendants misconstrue the Rule.  The plain reading of L. Civ. R. 201.1(f)(3) does not require an automatic dismissal of Lagdameo's claims.  Rather, by using the word "may," the Rule indicates that a Court has the option, but not the obligation, to impose sanctions.  In addition, employing the sanction of striking a demand for trial de novo would be illogical in this case, because it was defendants—and not Lagdameo—who demanded a trial de novo.  Moreover, the defendants do not indicate whether the arbitrator made a finding that Lagdameo failed to meaningfully participate, and as such, the Court's power to impose sanctions under the Rule has not been triggered.

## V. Conclusion

For the foregoing reasons, defendant's motion to dismiss Lagdameo's claims is denied. An appropriate order will be entered.


/s/ Katharine S. Hayden

September 29, 2011                                    Katharine S. Hayden, U.S.D.J.


11